IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

APHLINE WAO,

Plaintiff,

v.

MADISON POLICE DEPARTMENT,
FITCHBURG POLICE DEPARTMENT,
and DANE COUNTY JAIL,

Defendants.

OPINION and ORDER

26-cv-943-jdp

---

Plaintiff Aphline Wao, proceeding without counsel, alleges that police and jail officials violated her rights in a variety of ways during her arrest and subsequent detention. The court has already allowed Wao to proceed without prepaying any portion of the filing fee.

The next step is for me to screen Wao's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, I must accept her allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Wao's current allegations do not state any claims for relief, so I will dismiss her complaint. But I will give her a chance to file an amended complaint.

## ANALYSIS

Wao states that Madison and Fitchburg police officers unlawfully searched and arrested her, used excessive force against her, and violated her rights against self-incrimination and due

process. She also states that she was mistreated at the Dane County Jail while she was detained there, leading to physical and emotional injury and financial loss.

These allegations are too brief and vague to state any claim for relief. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Stated another way, Wao must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028 (7th Cir. 2024). Most of Wao's allegations are really legal conclusions; they do not explain to defendants what they did that violated her rights.

Additionally, Wao names only the Madison and Fitchburg police departments and the Dane County Jail as defendants. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), a municipality can be liable for an alleged constitutional violation if it resulted from a municipality's policy, widespread practice, or decision by a final policymaker. Wao's vague allegations are not sufficient to state any claims under a *Monell* theory. Otherwise, civil-rights lawsuits like this one brought under 42 U.S.C. § 1983 are ordinarily brought against the individual police officers or jail officials who directly violated a plaintiff's rights. But Wao doesn't name any individuals as defendants.

Even if Wao's complaint didn't have these problems, there is another issue that would likely keep her from bringing all of her claims together in one lawsuit. Her allegations likely violate Federal Rule of Civil Procedure 20, under which defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences. Wao seems to be alleging misconduct during two separate sets of events: (1) her search and arrest; and (2) her detention at the jail.

Because of these pleading problems, Wao's current complaint doesn't state any claims for relief. Therefore, I will dismiss her complaint. But I will give her a short time to submit an amended complaint fixing these problems. In drafting her amended complaint, Wao should be sure to:

- Describe simply and concisely what actions she believes that each defendant took that violated her rights, using separate, numbered paragraphs.
- If she seeks to bring claims against Madison, Fitchburg, or Dane County, explain how her rights were violated by a municipality's policy, widespread practice, or decision by a final policymaker.
- If she seeks to bring claims against individuals, identify by full name those individuals in the caption. If she does not know the identity of particular defendants, she may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which she may make discovery requests to identify those defendants later in the case.

If Wao submits an amended complaint, I will consider whether her new allegations meet the standards described above and whether Rule 20 bars her from bringing all of her claims in the same lawsuit. If Wao fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Wao moves for recruitment of counsel, stating that she is indigent and that she suffers from medical problems that hamper her ability to complete legal research. Dkt. 3. Generally, to show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, she must show that she is unable to afford counsel. Wao meets this standard.

Second, a plaintiff must first show that she has made reasonable efforts to locate an attorney on her own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such

efforts”). Wao submits correspondence from attorneys who have declined to take her case, so she meets this standard.

Third, the plaintiff must demonstrate that her case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds her ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case “whether this particular [plaintiff], among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts’ requests.” *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). Wao’s vague statements about her health and the complexity of this case are not enough to meet this standard. Although her complaint doesn’t comply with the relevant pleading standards, her filings otherwise do not suggest that she would be unable to litigate this case on her own. It is very early in this lawsuit, and her only task at present is to amend her complaint to better explain how her rights were violated and to identify the proper defendants. That is a task that hundreds of unrepresented plaintiffs are able to accomplish in this court each year, and nothing in Wao’s filings suggests that she needs a lawyer to do so.

I will deny Wao’s motion without prejudice, which means that she can renew her motion if she continues to believe that she is unable to litigate the lawsuit herself. But she must first try to amend her complaint herself, and in the future she will need to explain what specific litigation tasks she is unable to accomplish.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until December 8, 2026, to submit an amended complaint.

3. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 3, is DENIED without prejudice.

Entered November 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge